Bruce H. Nagel, Esq.
Randee M. Matloff, Esq.
NAGEL RICE, LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
973-618-0400
bnagel@nagelrice.com
rmatloff@nagelrice.com

MICHAEL S. KASANOFF
157 Broad Street, Suite 321
P.O. Box 8175
Red Bank, New Jersey 07701
732-747-5348
mkasanoff@att.net

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLLEEN KENNEDY and DAVID FOSTER, on Behalf of Themselves and All Other Persons Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>    Defendant. | Case No.:<br><br><br>CLASS ACTION COMPLAINT AND JURY DEMAND |

Plaintiffs Colleen Kennedy and David Foster, by and through their undersigned counsel, individually and on behalf of all others similarly situated individuals (the "Class"), as defined below, allege the following facts and claims upon personal knowledge and upon information and belief as to all other matters as follows:

## I.   IDENTIFICATION OF PARTIES

1.   The parties to this action are (i) Colleen Kennedy and David Foster, residing in San Diego, California 92129 and (ii) Samsung Electronics America, Inc., a corporation of the State of New York, with a principal place of business at 85 Challenger Road, Ridgefield Park New Jersey 07669.

## II.   THE NATURE OF THE ACTION

2.   Plaintiffs bring this action for actual damages, equitable relief, including restitution, injunctive relief, and disgorgement of profits, and all other relief available on behalf of themselves and all similarly-situated individuals and entities (the "Class" or "Class Members") who own or have owned a Top Load Washer sold by the Defendant, Samsung Electronics America, Inc. ("Samsung" or "Defendant") containing known Defects, arising from the design and use of a flimsy plastic housing covering the drain pump which breaks and pulls the poorly connected drain hose off the machine resulting in the flooding of homes, and causing electrical malfunctioning. The defect is exacerbated by Samsung's inability to provide replacement parts for the housing covering the drain pump, and broken mounts for the motor. The Washers require numerous service calls, and repairs, which frequently fail to correct the Defect. Upon information and belief, these Defects exist in the Samsung Top load Washers, including, but not limited to model numbers WA400PJHDWR/AA,

WA456DRHDSU/AA,          WA422PRHDWR/AA,          WA50F9A8DSP/A2,
WA50F9A7DSP/A2, WA50F9A6DSW/A2 (the "Washers").

3.   All of the claims asserted herein arise out of Samsung's design, manufacture, warranting, advertising and selling of the Washer. Upon information and belief, Samsung designed, manufactured, warranted, marketed, advertised and sold the defective Washers to thousands of consumers throughout the United States.

4.   The Washers are designed and manufactured with a design defect that cause the Washers to fail to perform their essential function, require time consuming and costly repairs, cause damage to the surroundings due to leaks and flooding.

5.   Samsung knew, or was reckless in not knowing, at or before the time it sold the first unit, that the Washers contained Defects and would fail prematurely due to the Defects. Samsung had sole and exclusive possession of this knowledge.

6.   Notwithstanding this knowledge, Samsung made uniform and material misrepresentations and uniformly concealed material information in its marketing, advertising, and sale of the Washers, which Samsung knew to be defective, both at the time of sale and on an ongoing basis.

7.   Samsung made uniform written misrepresentations to and/or uniformly concealed from Plaintiff and everyone in the chain of distribution the Defect in Plaintiffs' Washers, and failed to remove Plaintiffs' Washers from the marketplace or

take adequate remedial action. Instead, Samsung sold and serviced Plaintiffs' Washers even though it knew, or was reckless in not knowing, that the Washers were defectively designed, would fail prematurely, and would ultimately result in Plaintiffs' inability to use their Washers, for its intended purpose during the time Plaintiffs reasonably expected they would have use of the Washers. The design defect has caused flooding in homes, property damage and constitutes a safety risk of electrocution for the purchasers of the machines.

8.   The Washers have in fact failed prematurely, whether within or outside of applicable warranty periods.

9.   As a consequence of Samsung's false and misleading statements and active and ongoing concealment of the Defect, Plaintiffs and the Class Members purchased and currently own defective Washers and have incurred damages.

10.   Plaintiffs assert claims on behalf of themselves and the Class Members under the California Business and Professions Act, Cal. Bus. & Prof. Code § 17200 *et seq* (the "CBPA") and similar state laws.  Plaintiffs also assert claims on behalf of themselves and the Class for fraudulent concealment/nondisclosure, breach of implied and express warranties, and negligent misrepresentation under California law and similar state laws.

11.   Plaintiffs seek actual damages, injunctive relief, restitution and/or disgorgement of profits, statutory damages,

attorneys' fees, costs, and all other relief available to the Class.

### III. <u>PARTIES</u>

12. Plaintiffs Colleen Kennedy ("Kennedy") and David Foster ("Foster") are individuals residing in San Diego, California. On December 26, 2012, plaintiffs purchased a new Samsung Top Load Washer (model number WA400PJHDWR) from Lowe's located in San Diego, California for $539.10 plus tax and other charges. The washer was delivered shortly thereafter.

13. At all times, Kennedy followed the use and care instructions that were included with his Washer.

14. On January 4, 2014, Plaintiff Kennedy attempted to wash a few tablecloths in the Washer when it began to leak water on the floor. Luckily she was home at the time because by the time she reached the machine and turned it off, the water was nearly ankle deep in the laundry room. The clean-up was time consuming and resulted in $50 in expenses at the Laundromat.

15. Plaintiff Kennedy immediately complained to Samsung by telephone concerning this Defects and spoke to "Vladimir" of Samsung Customer Relations and "Kimberly" of Samsung Executive Customer Relations. Samsung agreed to honor the warranty and indicated that a representative of the in-home Samsung Authorized Service Company, A&E Factory Service, would contact Kennedy to schedule repairs. After researching the issue on the internet and discovering that complaints about

the pump housing were common and recurrent, Kennedy telephoned Samsung again and asked for a replacement washer. She spoke to "Jamie" and then "Nick" who advised her that there would be no replacement or refund because Samsung was aware of the design flaw and would replace the plastic pump housing with a sturdier redesigned metal pump housing. Two service visits were made to Plaintiffs' residence and the technician concluded that the pump housing was, indeed, broken. Although Samsung had indicated that a sturdier metal part had been designed, despite repeated requests, and additional phone calls to both Samsung and A & E Factory Service the metal part needed to repair the problem could not be acquired. The repair was effectuated with the same flimsy plastic part resulting in significant risk of repeated breakage and flooding.

16.    To this date, Plaintiffs' Washer does not function as represented.

17.    Thereafter, Kennedy contacted the undersigned counsel.

18.    Samsung is incorporated in New York and has its principal place of business in Ridgefield Park, New Jersey.

IV.    <u>JURISDICTION AND VENUE</u>

19.    This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2), because at least one class member is of diverse citizenship from the Defendant, a corporation incorporated in the State of New York; there are more than 100

class members nationwide; and the aggregate amount in controversy exceeds $5,000,000.

20.    The court has personal jurisdiction over the parties because of Samsung's many and important contacts with the State of New Jersey. Defendant has an office and conducts substantial business in New Jersey, has had systematic and continuous contacts with New Jersey, promotes its products in New Jersey, puts its Washers into the stream of commerce in New Jersey and has agents and representatives that can be found in New Jersey.

21.    Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred out of this District, and Samsung's conduct has injured Class Members residing in this District. Samsung transacts business and maintains a principal place of business within this District. Accordingly, this court has jurisdiction over this action and venue is proper in this Judicial District.

22.    The Federal Courthouse located in Newark, New Jersey is the proper vicinage for this matter because Samsung has its principal place of business in Ridgefield Park, New Jersey.

### V.    FACTUAL BACKGROUND

23.    Samsung is one of the world's leading manufacturers of Washers and other appliances. Samsung has designed, manufactured, warranted, marketed, advertised and sold several product lines of Washers through major retail stores such as

P.C. Richards, Sears, Best Buy and Lowes to consumers throughout the United States.

24. Samsung uniformly markets its Washers as highly-rated, top-of the-line appliances. For example, Samsung describes the Washer purchased by Plaintiffs as follows:

> Samsung's VRT™ provides a quieter wash so you'll hardly know it's on. Special sensors keep your load balanced even at high spin speeds. Now you can install your washer on the second floor or near bedrooms without being disturbed by noise.
>
> PureCycle™ keeps the drum fresh and clean by removing dirt and detergent residue, using hot water not harsh chemicals.
>
> Our large capacity fits more wash-so you can do fewer loads.
>
> http://www.samsung.com/us/appliances/washers-dryers/WA400PJHDWR/AA-features

Samsung has indicated on various web sites in response to consumer's inquiries that "Samsung is committed to manufacturing high quality products and providing excellent customer service." Consequently, consumers are willing to pay more for Samsung products than those offered by competitors, even when those products have similar features and consumers have come to expect that Samsung brand products will be of high quality, durable and reliable

25. The Washers fail to perform as advertised because the flimsy plastic housing covering the drain pump breaks and pulls the poorly connected drain hose off flooding homes, there is electrical malfunctioning, there is an inability to

8

provide replacement parts for the housing covering the drain pump, plus  there are broken mounts for the motor,.

26.  The Defects render the Washer unusable because they (1) fail to properly clean the clothes, (2) leak water in and around the Washer causing damage to the surrounding area and (3) require continuous costly and inconvenient repairs.

27.  Samsung failed to adequately design, manufacture, and/or test the Washers to ensure they were free from defects at the time of sale.

28.  At all relevant times, Plaintiffs have used their Washers in a foreseeable manner and in the manner in which they were intended to be used.

29.  The Defects, which manifest during the expected useful life of the Washers, both within and outside applicable warranty periods, is substantially likely to prevent the Washers from performing their essential function, making it impossible for Plaintiffs to use their Washers as intended during its expected useful life.

30.  The Defect rendered the Washers unfit for the ordinary purpose for which washers are sold at the time they were sold to Plaintiffs and members of the Class.

31.  The Defect has necessitated and will continue to necessitate replacement of and/or costly repairs to the Washers.

32.  The Washers have uniform design defects.

<u>Plaintiffs' Reasonable Expectations</u>

33.  In purchasing the Washers, Plaintiffs legitimately expected them to operate in accordance with all of its intended purposes.

34.  Upon information and belief, consumers reasonably expect that Washers will function properly for at least 10 years.  According to the Association of Home Appliance Manufacturers (AHAM), the average lifespan for a top-loading washing machine is 14 years.

35.  Plaintiffs and the Class Members reasonably expected the Washers to effectively clean clothes, including large loads, and not result in flooding, or break down continuously during the Washers' expected useful lives.

36.  Plaintiffs and the Class Members reasonably expected Samsung to disclose the existence of defects that were known to Samsung at the time of sale.

37.  Because of the Defects, Plaintiffs' Washers failed during their expected useful life, within or outside applicable warranty periods.

38.  As a result of the Defect alleged herein, Plaintiffs have experienced failure of their Washers, did not get what they paid for, and have incurred actual damages.

Defendant's Awareness of the Defects

39.  Before it sold the Washers, Samsung knew, or was reckless in not knowing, that the Washers contained defects including but not limited to, that the flimsy plastic housing

10

covering the drain pump breaks and pulls the poorly connected drain hose off thereby flooding homes, there is electrical malfunctioning, there is an inability to provide replacement parts for the housing covering the drain pump, and there are broken mounts for the motor.

40.  Samsung did not implement a plan to properly address the Defects and instead continued to sell models that contained the same Defects.

41.  Samsung customers have notified and complained to Samsung that their Washers were not performing as promised and were defective. Repairmen, including the technician who came to repair Plaintiffs' Washer, advised that he frequently encountered broken pump housings. Samsung representatives were obviously aware of this problem since they informed Kennedy that a sturdier metal part had been designed which would allegedly eliminate the problem. However, Samsung did not make this part available to Plaintiffs or its authorized service technicians and never issued a recall and repair to all owners of the Washers.

42.  Upon information and belief, the Defects were a known issue to Samsung at or about the time it began distributing Washers with the components containing the Defect.

43.  Consumers, including Plaintiffs, have complained repeatedly to Samsung about this Defect, but Samsung refuses to properly address and rectify the problem and has failed and

refused to reimburse customers for damaged clothes or surroundings or repairs, citing expired warranty periods.

44. Samsung should have been aware of these defects due to the number of requests for warranty service detailing the specific problems suffered by the Plaintiffs made to the Samsung Authorized Service Centers, and the GSPN (Global Service Partnership Network) Service Center which maintains detailed records of the complaints, model and serial number and details the work performed on the machines in an attempt to correct the problem. On information and belief, Samsung utilizes Service Bench online software to track warranty claims which provides Samsung with the ability to mine data for strategic information about its products and the nature of repair claims. Consequently, Samsung should have been aware of the large number of similar, repeat complaints received regarding specific models and the failure of repairs attempted over and over again to remedy those specific defects.

45. Additionally, Samsung has issued several Service Bulletins designed for experienced repair technicians related to the ASSY PUMP DRAIN and ASSY WIRE HARNESS, including a bulletin which advises that the suggested modifications are not compatible on units manufactured before December 31, 2012.

46. Samsung was or should have been aware at the time it sold the Washers that many purchasers had complained they were defective because many individuals posted their dissatisfaction on Samsung's own website. For example, the

following negative posts were discovered on the Samsung website in reviewing the Washer model purchased by Plaintiffs:

I have had this washer for less than a year and it has broken twice. The last washer I owned I had for 10 years and never had to have it repaired.
This washer is cheaply made. It has broken down twice on us. The pump broke the first time, and electrical the second time. Samsung Repairs takes a long time for repairs so be prepared to go to the laundromat.
Overall, extremely poorly made product.
Do not make the same mistake I made and buy this product. It is not worth the extra money you pay as it will most likely break.
Posted January 7, 2014

I just finished washing a blanket for the fourth time to get it clean. I've had this machine for a little over a year and have never had so much trouble getting clothes clean. Clothes come out of the washer with lint and fuzz on then. Dirt remains in folds of the clothes. Wish I had an old non-HE machine. I'm very unhappy with this machine

Posted November 26, 2013

Had for one year and one month. Worked well until the plastic motor housing for the pump snapped and the washer leaked all over basement. Took the back off and the pump was on the floor and the tub leaked all out. It all comes down to the pump housing that lead to it snapping. Why would piece that important be kept together with plastic? Will never buy another Samsung product.
Posted November 18, 2013

Unit worked fine for first six months...then water everywhere! The cheap plastic drain pump housing broke, causing the drain hose to dislodge from the tub. Water leaked all over laundry room floor and kitchen floor. Engineering change needed to improve quality of this design. Samsung is going to have a ton of complaints and repair costs in the near future as more customers experience this issue. DO NOT BUY until this issue has been resolved.
Posted July 22, 2013

13

First time in 25 years to purchase a high tech high
efficiency washing machine. This machine does not
have a debris filter so all the debris in your
laundry stays on your clothes after washing. You
then have to clean the bottom of the tub to remove
lint, grass clippings, puppy fur etc. The debris
then clogs the lint trap of the dryer. Huge Samsung
fan, they really missd on this one
Posted April 2, 2013

47.  In addition, numerous complaints have been posted

regarding Samsung Washers on the internet. Some examples

posted on www.Amazon.com are as follows:

Karatemom23 on March 5, 2013 wrote this:

I got this in Aug 2012, 9 weeks later the
cheap plastic pump holder broke, it took 3
weeks to get fixed then 6 weeks later
piece broke AGAIN. (note it floods your
floor each time this happens and ruins
your floor) 2 weeks after it got fixed
again the pump died. Samsung got me a
replacement I received 12-15-2012. 2-2-
2013 the replacement broke. Originally
thought it was pump but on 3-5-2013, when
repairman finally made it out after
samsung kept cancelling my work orders, it
was faulty wiring that wasn't crimped
enough to keep the wiring from coming
apart. Spoke to salesman at Store who told
me the washers like this with the white
bottom, are pieces of junk and Samsung has
a known problem. All I want is a new
washer!!!

Sally C. Crawford wrote on May 21, 2013

I bought this machine in Aug., 2012, and
it ran like a top until a couple of weeks
ago. It cleaned well and I love the
capacity. Then, as is apparently the
trend, the drain pump BROKE OFF. It was
replaced under warranty, and started
leaking after one day. Repairman came back
after waiting another week, and couldn't
find anything wrong. I did a few more
loads of laundry and now it won't drain at

all. Samsung is sending another repairman, but I have to wait another 2 days. Although the customer service people are very nice on the phone, Samsung's "authorized" repair company where I live (Golden) has not only terrible customer service, but they haven't been able to repair it permanently.

First of all, while reading today, this is apparently a chronic problem with this washer. Second of all, Samsung must not care that their "authorized" repair service, Golden In-home Service, is terrible. I have been dealing with this mess for 19 days now.

Think before you buy this washer!! No more Samsungs for me!!

TheFsh of Missouri wrote on December 23, 2013:

I wish you could give a product 0 stars, one is far too much for this product.

The unit itself has decent features, however, we purchased this unit at our local electronic store in January of 2013, the first pump went out in September of 2013 (the local store would not help us at all at this time, which was frustrating but ultimately understandable) and it took 2 weeks to have fixed. While the repair technician was completing the repaired he informed me that this particular model had a defect in the design, the way that the pumps were made and positioned made them HIGHLY susceptible to becoming clogged which results in a burn out.

Fast forward to today, as I write this, on hold with Samsung to set up another repair date, only 2 days before my house is filled with visitors staying for Christmas and my washer won't be fixed until sometime in the New Year. Looks like I'll be heading to the laundromat to do all of our washing for the holidays.

If you do buy this product be very, very, very wary and when it breaks don't attempt

to ask for a manager on Samsung's helpline, the service representatives seem to take it very personally and become somewhat hostile to you and the managers are not equipped (or allowed) to make any decisions outside of "policy" anyway. However, they will put you in contact with a service company, within a week to two weeks later, who will then assess the machine and order a part, which can then take an additional week to two weeks to actually repair, but it will be repaired.

If I could go back and change my decision to purchase this washer (Samsung WA400) I would, and I am very disappointed with the product.

UPDATE: 12/30/13 Washer is still broken, called the service company today and found that they cannot find a technician to service my machine at this time and are continuing to seek one. So that means even more time spent waiting while dirty clothes continue to pile up. Grabbing some quarters today to go do my laundry at the laundromat.

UPDATE: 1/6/13 After being unable to find a service technician with one company, Samsung (after much pressure from us) went to another company and our washer was serviced today. Ended up not being the pump itself, but the wiring to the pump which resulted in the pump shutting down. Service person was really understanding and seemed to do good work. Guess I'm done washing my clothes at the laundromat for now, but given the unit's spotty reliability I'm not putting away my quarters just yet.

Monique and Jim wrote on October 19, 2013:

8 months after we purchased this washer the Washer pump broke, it leaked out the bottom and flooded the basement floor. They repaired it and it lasted 2 days. It took them two weeks to get the part and repair it, it lasted 1 day. It took them three weeks to get the part and it lasted

20 days. Then came the battle with Samsung, this unit was obviously a lemon. Finally after 5 months of battling with Samsung I went to the BBB. I had a refund in 2 weeks. Message to all — Don't waste your time with the absolutely atrocious customer service you get from Samsung. Make a log and keep track of every call and every incident and make a claim with the BBB.

Tina M. Cummings of Sandusky, OH wrote on August 8, 2013

This is my first review on Amazon. I did not purchase this product here but at Lowes. I want to warn everyone that may believe because Samsung makes good electronics that they should make a good washer too. You would be wrong. Like everyone else on here this product has repeatedly dumped water on my floor as we have now gone through 2 water/drain pumps and extra wiring because the wire frayed on the pump too. The pump is made out of cheap plastic/peanut brittle. After calling customer service I was kindly offered the ability to purchase an extended warranty. Obviously they know this product has an issue. I decided to email Samsung directly and the product no longer appears on the drop down box of products to email them about. I purchased this in November of 2012. Repairs in March 2013, and now August 2013. Not to mention my own self repairs as I now seem to have learned from the repairman how to fix (wire crimping/ reattaching rubber hose from water pump as it detaches from time to time) on my own which has saved me a few other service calls, waits, and excuses. DO NOT BUY THIS PRODUCT!!!!!

Terri I. Crockford wrote on June 25, 2013

This washer has shredded the upper splash guard into plastic chunks. I contacted Samsung the put me in touch with their repair company who hasn't even come to look at it. They asked me what it needed said they would order the parts then get

in touch with me. What a joke, this washer was bought in Oct 2012. I have since found others with the same problem.

J.M. Sinclair wrote on June 18, 2013:

The drain pump in this thing has gone out twice in 3 months. You'd be better off buying a wash board and bucket.

Samsungs response has been listless as well, I'll be eating the 800 dollars and buying another new machine.

48. The interactive portion of Samsung's website contained these additional comments:

http://answers.lowes.com/answers/0534/product/3739009/questions.htm?page=3&sort=answers&dir=asc

QUESTION
Design Flaw in Pump Mount & Hose Clamps?
I want to buy this HE top-loader because it is said to be quiet. However, I'm hesitant because I've read several complaints about the plastic mount breaking that holds the pump. The pump assembly is mounted in plastic/resin and cannont withstand normal use. Also, the thumb clamps do not hold the hoses to the pump securely. What does anyone know about this? What do you say Mr/Ms Samsung about these common problems? Have these design flaws been addressed in later models?
asked 6 months ago
Posted by Anonymous - Winter Springs, FL, USA
6 months ago
on 4-cu ft High-Efficiency Top-Load Washer (White) ENERGY STAR

Answers
I'm not Mr or Mrs Samsung but where these clamps are is where my hose had a hole. It looks as if the hose isn't made correctly to withstand the movement of the drum, thus causing a hole from the metal clamp hitting the hose. Really poor design! I'm no engineer but can see that this will

continue to happen (and have read many complaints on this!) Google it!
answered 3 months ago
Posted by Angry-at-Samsung – Kernersville, NC, USA
3 months ago

Absolutely a problem! Has not been fixed. My first pump lasted 7 months, 2nd pump: 3 weeks. always breaks in the same place.
answered 4 months, 2 weeks ago
Posted by tiredofsamsung – Memphis, TN
4 months, 2 weeks ago

You are correct. Don't buy this washer.
answered 4 months, 2 weeks ago
Posted by UnhappyWasher – Lake Wylie, United States
4 months, 2 weeks ago

Do NOT buy this. The tales of woe regarding the pump housing are 100% spot on. Flooded our basement.
answered 5 months, 2 weeks ago
Posted by DrJoe – Potsdam, NY 13676, USA
5 months, 2 weeks ago

Your are correct. It broke on us. We had extensive water damage. We're currently working with Samsung to pay for the property damage. Plus, this model does not get clothes clean. Really research the HE machines. There are problems with several makes and models. The most notable is the mold/mildew problem with the front loading machines. Hope this was helpful.
answered 5 months, 2 weeks ago
Posted by Sherrie – Hoover, AL, USA
5 months, 2 weeks ago

Our washer and dryer are very quiet; I forget that it's running. As far as pump assembly, I have had absolutely know problem whatsoever. The hose line is affixed onto our pipeline by a cable tie underneath the mount and it holds quite well. I don't know anything about any clamps; the delivery men installed our appliance and the cable tie was what was used.
Best Answer

19

answered 6 months ago
Posted by Bobbye — Philadelphia, PA, USA
6 months ago

Thanks for your interest in the
WA400PJHDWR. You're correct that this
model, along with the rest of our HE top
load and front load washer line-up, is
very quiet thanks to Samsung's Vibration
Reduction Technology (VRT). The Diamond
Drum and Pure Cycle are also key features,
helping to protect your clothing from wear
and tear and keep your washer clean and
fresh.

With regard to particular reviews, I can
tell you that Samsung is committed to
manufacturing high quality products and
providing excellent customer service, as
evidenced by earning the JD Power &
Associates Overall Customer Satisfaction
Award for Washers for the past four years
(2009-2012). If and when issues do arise,
they need to be addressed on a case by
case basis, and the manufacturer's
warranty is in place to help protect your
investment.

We appreciate your consideration and look
forward to earning your confidence,
Ms. Samsung

answered 6 months ago
Posted by Anonymous
6 months ago

49. For those Washers that have failed within the
applicable warranty period, Samsung has provided repairs that
do not address the underlying Defect and do nothing to prevent
subsequent failure. Samsung was aware, had reason to know, or
was reckless in not knowing that its warranty repairs would
not cure or rectify the Defects but would instead merely delay
the impact of the Defect which caused reoccurring failures.
By providing such ineffective warranty repairs, Samsung merely

postponed the failure of the Washers until after the expiration of applicable warranties.

50. Samsung knew that the repairs it recommended would not cure the Defects. Nonetheless, it refuses to refund all customers or replace the Washers with ones that function properly.

<u>Defendant's Omissions and Misrepresentations</u>

51. Samsung failed to adequately design, manufacture, and/or test the Washers to ensure that they were free from the Defect, and/or knew, had reason to know, or was reckless in not knowing of the Defect when it uniformly warranted, advertised, marketed and sold the Washers to Plaintiffs and the Class.

52. Samsung did not disclose to its customers the fact that the Defect existed at the time of sale and that the Defect would render the Washers unable to perform their essential function well before the end of their expected useful lives. Nor did Samsung disclose that warranty or the recommended post-warranty repairs would not cure or rectify the Defect and would only, at best, briefly delay the impact of the Defect and thereby postpone failure in the Washers.

53. Instead, in its uniform marketing and advertising, Samsung falsely represented that the Washers were free from defects. Samsung uniformly markets its Washers as featuring unique patented features such as "VRT"™ Vibration Reduction Technology - "provides a quieter wash so you'll hardly know

it's on.  Special sensors keep your load balanced even at high spin speeds.  Now you can install your washer on the second floor or near bedrooms without being disturbed by noise"; "Large Capacity" –"Our Large Capacity Fits More Wash – So You Can Do Fewer Loads"; and "PureCycle™"– "keeps the drum fresh and clean by removing dirt and detergent residue, using hot water not harsh chemicals."

54.  Samsung knew that consumers were unaware of the latent defects and that they reasonably expected the Washers to properly clean their clothes and not flood their homes. Samsung also knew that customers expected Samsung to disclose a defect that would prevent the Washers from performing their function long before the end of their expected useful lives, and that such disclosure would impact consumers' decision whether to purchase the Washers.  Samsung knew and intended for consumers to rely on its material omissions with regard to the Defect when purchasing the Washers.

55.  As a result of Samsung's uniform omissions and misrepresentations in its marketing and advertising, Plaintiffs believed that the Washers they purchased would operate without defects, and Plaintiffs purchased a Samsung Washers in reliance on that belief.

56.  Samsung's representations that the Washers were free of defects were not true.  Samsung knew or was reckless in not knowing when it sold the Washers that the Defect would

manifest long before the end of the Washers' expected useful lives, rendering them unable to function properly.

57.   Samsung had the capacity to, and did, deceive consumers into believing that they were purchasing Washers that were free from defects and could be used safely and practically to clean clothes in an effective manner.

58.   Samsung actively concealed from and/or failed to disclose to Plaintiffs, the Class, and everyone, the true defective nature of the Washers, and failed to remove the Washers from the marketplace or take adequate remedial action. Samsung represented that the Washers were free of defects even though it knew or was reckless in not knowing when it sold the Washers that they contained a defect that would render them unusable.   Furthermore, Samsung sold and serviced the Washers even though it knew, or was reckless in not knowing, that they were defective and that Plaintiffs and Class members would be unable to use the Washers for their intended purpose for the duration of their expected useful life.

59.   To this day, Samsung has never instituted a recall and replacement of the defective part and continues to misrepresent and/or conceal material information from Plaintiffs, the Class and the public about the Defects in the Washers.

Fraudulent Concealment

60.   Plaintiffs' claims arise in part out of Samsung's fraudulent concealment of the Defect.   To the extent

that Plaintiffs' claims arise from Samsung's fraudulent concealment, there is no one document or communication, and no one interaction, upon which Plaintiffs base their claims. They allege that at all relevant times, including specifically at the time they purchased their Washers, Samsung knew, had reason to know, or was reckless in not knowing, of the Defects; Samsung was under a duty to disclose the Defects based upon its exclusive knowledge of it, its representations about its products, and its concealment of the Defect; and Samsung never disclosed the Defect to the Plaintiffs or anyone at any time or place or in any manner.

61. Plaintiffs make the following specific fraud allegations with as much specificity as possible absent access to the information necessarily available only to Samsung:

a.   Who: Samsung is the entity responsible for failing to disclose the material information to consumers who bought the Washers.   Samsung is also the entity obligated, as alleged herein, to disclose the material information. Plaintiffs are unaware of, and therefore unable to identify, the true names and identities of those individuals at Samsung responsible for such decisions. However, "Nick" of Samsung's Executive Customer Relations falsely advised Kennedy that Samsung would replace the plastic pump housing on her machine with a sturdier redesigned metal pump housing.

b.   What:   Samsung knew, or had reason to know, at the time it sold the Washers, or was reckless in not knowing, the flimsy plastic housing covering the drain pump breaks and pulls the poorly connected drain hose off flooding homes, there is electrical malfunctioning, there is an inability to provide replacement parts for the housing covering the drain pump, there are broken mounts for the motor. The Washers unable to perform an essential purpose before the end of their expected useful lives, within or outside the applicable warranty periods.

c.   When:   Samsung concealed this material information at all times with respect to the Washers, including before the time of sale, on an ongoing basis, and continuing to this day. In December 2012 Plaintiff Kennedy experienced Samsung's concealment and misrepresentations when she purchased the machine. Samsung's falsehoolds continued on January 7, 2014 when she received the materially false information from "Nick" of Samsung.

d.   Where:  Samsung concealed this material information in every communication it had with Plaintiffs, the Class, and everyone in the chain of distribution.  Plaintiffs are aware of no document, communication, or other place or thing, in which Samsung disclosed this material information to anyone outside of Samsung.  Such information appears in no sales documents, no displays,

no advertisements, no warranties, no owner's manual, nor on Samsung's website.

e.   How:   Samsung   concealed   this   material information by not disclosing it to Plaintiffs, the Class, or anyone in the chain of distribution at any time or place or in any manner, even though it knew this information and knew that it would be important to a reasonable consumer, and even though its omissions with regard to the Defect and consequent premature failures of the Washers were contrary to its representations about the Washers.

f.   Why:   Samsung   concealed   this   material information for the purpose of inducing Plaintiffs and Class members to purchase the defective Washers at full price rather than purchasing competitors' washers or paying Samsung less for the Washers, given their limited utility.   Had Samsung disclosed the truth, Plaintiffs (and reasonable consumers) would not have bought the Washer, or would have paid less for them.

## VI.   TOLLING

### Discovery Rule

62. The causes of action alleged herein accrued upon discovery of the defective nature of the Washers.  Because the Defect is latent, and Samsung concealed it, Plaintiffs and members of the Class did not discover and could not have

discovered the Defect through reasonable and diligent investigation. Reasonable and diligent investigation into the cause of the Defect did not and could not reveal a factual basis for a cause of action based on Samsung's concealment of the Defect.

Fraudulent Concealment

63. Any applicable statutes of limitation have been tolled by Samsung's knowing and active and ongoing concealment and denial of the facts as alleged herein. Plaintiffs and the Class have been kept ignorant by Samsung of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part. Plaintiffs and members of the Class could not reasonably have discovered the true, latently defective nature of the Washers.

Estoppel

64. Samsung was and is under a continuing duty to disclose to the Plaintiffs and the Class the true character, quality, and nature of the Washers. Samsung knowingly, affirmatively, and actively concealed the true character, quality, and nature of the Washers, and the concealment is ongoing. Plaintiffs reasonably relied upon Samsung's knowing, affirmative, and/or active and ongoing concealment. Based on the foregoing, Samsung is estopped from relying on any statutes of limitation in defense of this action.

## CLASS ACTION ALLEGATIONS

65. Plaintiffs bring this action on behalf of them-selves and all others similarly situated as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

66. The Class which Plaintiffs seek to represent is defined as follows: All persons who purchased, for primarily personal, family, or household use, a Samsung brand Top-Load Washing Machine in the State of California and to whom Samsung Electronics America, Inc. has not paid a full refund of their purchase price, excluding taxes and installation costs.

67. Excluded from the Class are: (i) Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) Defendant's employees, officers, directors, agents, and representatives and their family members; (iv) the Judge and staff to whom this case is assigned, and any member of the Judge's immediate family; (v) any purchaser of a Washer in the State of California who has received a refund for the _full_ purchase price of his/her Washer, excluding taxes and installation costs; and (vi) any purchaser of a Washer in the State of California who has received a re-designed replacement Washer from Samsung that conforms to Samsung's Written Warranties, Fact Warranties, and implied warranties.

28

68. Plaintiffs reserve the right to amend the Class definition if discovery and further investigation reveal the Class should be expanded or otherwise modified.

69. This action has been brought and may properly be maintained as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(3), because there is a well-defined community of interest in the litigation in which common issues predominate and the proposed class is easily ascertainable:

    a)   Numerosity.   Samsung sold and distributed the Washers throughout the United States.  Plaintiffs are informed and believe that the proposed putative Class is made-up of at least several thousand residents of California.

    b)   Common Issues Predominate.  Common questions of law and fact exist as to all members of the Class and predominate over any questions which affect only individual members of the Class. The Washers are all the same and do not differ in any manner that is relevant to Plaintiffs' allegations, and the damage and harm caused thereby. Plaintiffs allege herein that the Washers all have the same inherent defects (and that they were defective when made, when they left Samsung's possession and control, and are presently defective as they are now being used by Plaintiffs and Class members). There is a well-defined community of interest in the questions of law and fact involved and that affect consumers who purchased the Washers.  These questions of law and fact

predominate over questions that affect only individual class members.

The common questions of law and fact include, without limitation:

(1)   Whether the plastic coverings housing the drain pump are defective;

(2)   Whether Samsung knew and/or recklessly disregarded the fact that the plastic coverings housing the drain pump were and are defective;

(3)   Whether Samsung concealed, and failed to disclose material facts in its communications and disclosures to Plaintiffs and Class members regarding the defective plastic coverings housing the drain pump, which are inherent and present in all of the Washers;

(4)   Whether the omitted facts are material to a reasonable consumer;

(5)   Whether Samsung has engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in connection with the sale and warranting of the Washers;

(6)   Whether Samsung breached express Written Warranties and/or Fact Warranties;

(7)   Whether Samsung breached its implied warranties;

(8)   Whether Samsung's conduct was likely to deceive a reasonable consumer;

(9) Whether, as a result of Samsung's conduct, Plaintiffs and Class members have suffered damages, and in what amount; and

(10) Whether, as a result of Defendant's misconduct, Plaintiffs and Class members are entitled to equitable relief and/or other relief.

These questions of law and fact predominate over questions that affect only individual Class members and there is a well-defined community of interest in the questions of law and fact involved and that affect the Class.

c) <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the Class members in that Plaintiffs and the Class members have the same Washers, which share the same design, parts, materials, workmanship and manufacture and about which Defendant repeatedly made the same uniform omissions. Therefore, the claims of Plaintiffs are and will be typical of Class members.

d) <u>The Class is Ascertainable</u>. Plaintiffs have adequately and objectively defined the Class, as detailed above, so the Court and Class members will be able to use the definition to determine Class membership.

e) <u>Adequacy</u>. Plaintiffs will fairly and adequately represent the interests of all Class members. Plaintiffs have purchased a defective Samsung Washer and are adequate representatives of the Class as they have no interests which are adverse to the interests of absent Class members.

Plaintiffs have retained counsel with substantial experience and success in the prosecution of complex defective product and consumer protection class action litigation.

      f) <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The disposition of their claims in this case and as part of a single class action lawsuit, rather than hundreds of individual lawsuits, will benefit the parties and greatly reduce the aggregate judicial resources that would be spent if this matter were handled as hundreds of separate lawsuits. Furthermore, given the extraordinary expenses and burden in conducting the discovery, retention and analysis by specialized experts and presentation of evidence about the inherent defects in the Washers, the burden of individual litigation would make it extremely difficult, if not impossible for individual members of the Class to redress the wrongs asserted herein, while an important public interest will be served by addressing the matter as a class action. Moreover, separate prosecution by thousands of individual members of the Class would likely establish inconsistent standards of conduct for the Defendant and result in the impairment of, and potential harm to, Class

members' rights and the disposition of their interests through actions to which they were not parties. Plaintiffs know of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION

(Violations of Cal. Bus. & Prof. Code § 17200 *et seq.*)

70. Plaintiffs repeat and re-allege all prior paragraphs and incorporate them as if fully set forth herein.

71. Defendant has engaged in unfair, unlawful, and fraudulent business acts or practices as set forth above.

72. Plaintiffs bring this cause of action on behalf of themselves and the California Class, pursuant to California Business and Professions Code, §17200, *et seq*.

73. Defendant's conduct constitutes unfair business acts and/or practices because Defendant's practices have caused and are likely to cause substantial injury to Plaintiffs which injury was not reasonably avoidable by Plaintiffs in light of Defendant's exclusive knowledge of the defective plastic coverings housing the drain pump in the Washers, and is not outweighed by the acts' and practices' benefits, if any, to Plaintiffs and Class members. Such conduct is ongoing and continues to this date.

74. The injury to consumers is substantial, particularly because the Washers are defective at the time of sale and continue to be defective after repeated futile repair attempts

during the warranty period. Plaintiffs and Class members paid thousands of dollars for Washers that they would not otherwise have spent for Washers that have defective plastic coverings housing the drain pump. The Washers are worth substantially less than Plaintiffs and Class members paid for them given the defective plastic coverings housing the drain pump.

75. The injury to consumers is not outweighed by any countervailing benefits to consumers or competition. Any purported benefits to consumers from the design of the Washers are negated by the defective plastic coverings housing the drain pump and the subsequent flooding that occurs.

76. The injury to consumers is not an injury that consumers themselves could reasonably have avoided because consumers did not know about the defective plastic coverings housing the drain pump before they bought their Washers.

77. Defendant's acts and practices of selling Washers with defective plastic coverings housing the drain pump that cause flood damage offends an established public policy and are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

78. It is unethical and oppressive to charge a premium price for a product that fails of its essential purpose of cleaning clothes without the constant risk of flooding. Further, as alleged in detail above, Defendant actually knew about the existence of defective plastic coverings housing the

drain pump, which renders Defendant's conduct particularly deceptive, immoral, unethical, oppressive and unscrupulous.

79. Defendant's conduct also offends established public policies concerning consumer protection and class action litigation. California also has established a public policy against allowing manufacturers to escape liability for placing defective consumer products in the stream of commerce by imposing liability on them, and subjecting them to penalties, under the implied warranty of merchantability by operation of law under the Song-Beverly Act, Cal. Civ. Code § 1790 *et seq.*

80. Defendant's acts, practices and omissions threaten an incipient violation of antitrust laws and/or consumer protection statutes, or violate the policy and spirit of one of those laws because the effect of the acts and practices are comparable to or the same as a violation of the law or otherwise significantly threaten or harm competition. Defendant's acts and practices harm competition by luring consumers to buy its Washers, instead of the washers manufactured and sold by Defendant's competitors. The free market requires the free flow of information to run effectively. Defendant's failure to disclose the material fact that the plastic coverings housing the drain pump are defective and cause flooding, impedes the free market.

81. Furthermore, Samsung wrongfully gained money by making the sale of Washers to Californians, which wrongful

gain should be restored to Californians that purchased Defendant's Washers.

82. Defendant's acts and practices are unlawful because they violate the Song-Beverly Act, Civil Code §§ 1790 *et seq.*, the Consumer Legal Remedies Act, Civil Code 1750 *et seq.*, Bus. & Prof. Code § 17500, the California Commercial Code, and the Magnuson-Moss Warranty Act ("MMWA").

    i.   Defendant violates Cal. Bus. & Prof. Code § 17500 as alleged throughout this Complaint and in the Second Cause of Action, incorporated hereto by reference.

    ii.   Defendant violates the CLRA, Cal. Civ. §§ 1750 *et seq.*, as alleged throughout this Complaint and the Third cause of action, incorporated by reference hereto.

    iii.   Defendant violates Cal. Civ. Code §§ 1790 *et seq.*, the California Commercial Code, and the MMWA as alleged throughout this Complaint, and in the Fourth, Fifth and Sixth Causes of Action, incorporated hereto by reference.

83. Defendant's acts and practices are fraudulent in that they have deceived and/or are "likely to deceive" Plaintiffs and members of the consuming public. Defendant sold Plaintiffs and Class members Washers with defective plastic coverings housing the drain pump that have rendered

36

the Washers unusable for the purposes for which they were purchased.

84. Plaintiffs and class members relied on Defendant's unfair, unlawful, and fraudulent business acts and practices to their detriment in that they would not have purchased the Washers had Samsung disclosed that the plastic coverings housing the drain pump were defective and the Washers would flood their homes and floors and for which performance Samsung demanded and received a premium price. As alleged herein, Ms. Kennedy and Mr. Foster relied on Defendant's omissions and would not have bought the Washers had Samsung disclosed that the defective plastic coverings housing the drain pump caused flooding in their home.

85. Defendant's unfair, unlawful, and fraudulent business acts and practices directly and proximately caused Plaintiffs' and Class members' injuries in that but for Defendant's failure to disclose that the Washers had defective plastic coverings housing the drain pump, Plaintiffs and Class members would have paid less for the Washers, would have bought other less-expensive styles or brands of Washers, or would not have purchased the Washers at all.

86. Defendant was obliged to disclose the material facts because: a) Defendant had exclusive superior knowledge of the material facts not known to Plaintiffs and Class members, since only Defendant had access to the aggregate data from its retailers, its own research and tests, and complaints from its

customers, including, but no limited to, that information it obtained and or recorded in its warranty and customer service system and database(s); and b) Defendant actively concealed and suppressed the material facts from Plaintiffs and Class members by not warning of the defective plastic coverings housing the drain pump at the time of purchase and by performing warranty and/or repair work that it knew would not cure the malfunctioning Washers, while representing to consumers either expressly or impliedly that the repairs it made, or which it caused its agents and contractors to make, would fix the malfunctioning Washers; (c) Samsung made partial representations about the Washer's performance while withholding the material fact that the Washers have defective plastic coverings housing the drain pump that cause flooding and prevents it from functioning properly and as represented, and (d) Samsung claimed that he had redesigned the plastic covering housing the drain pump with a sturdier metal part which would be provided to Plaintiffs and Class Members and failed to do so.

87. Plaintiffs and Class members have suffered injury in fact and have lost money as a result of Defendant's unfair competition in that they have overpaid for the Washers and/or by the fact that their Washers are worth less than they paid for them because of the defective plastic coverings housing the drain pump. Plaintiffs and Class members seek an order of this Court awarding restitution, injunctive relief and all

other relief allowed under Section 17200, *et seq.,* plus interest, attorneys' fees, and costs.

### SECOND CAUSE OF ACTION

(Violations of Cal. Bus. & Prof. Code § 17500 *et seq.*)

88. Plaintiffs repeat and re-allege all prior paragraphs and incorporate them as if fully set forth herein.

89. Plaintiffs bring this cause of action on behalf of themselves and the Class pursuant to California Business and Professions Code, §17500, *et seq.*

90. Defendant is a "person" as defined by Cal. Bus. & Prof. Code § 17506.

91. Defendant falsely advertised the Washers by making partial representations about their performance, while omitting the material information that the plastic coverings housing the drain pump was defective.

92. Samsung's false advertising through omission of material fact has deceived and is "likely to deceive" Plaintiffs and Class members.

93. Plaintiffs and Class members relied upon Defendant's false advertising to their detriment in that they would not have purchased the Washers had Samsung disclosed that the plastic coverings housing the drain pump were defective, and therefore would cause flooding in the plaintiffs' homes.

94. Defendant's false advertising directly and proximately caused Plaintiffs' and Class members' injuries in that but for Defendant's failure to disclose that the Washers

had defective plastic coverings housing the drain pump, Plaintiffs and Class members would not have overpaid for the Washers, would have bought other less-expensive styles or brands of Washers, or would not have bought the Washers at all.

95. Plaintiffs and Class members have suffered injury in fact and have lost money as a result of Defendant's false advertising in that they have overpaid for the Washers, have experienced pooled water in or about their Washers, and/or by that fact that their Washers are worth less than they paid for them because of the defective plastic coverings housing the drain pump.

96. Pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17535, Plaintiffs seeks an order 1) requiring Defendant to immediately cease the unlawful, unfair, and or fraudulent business acts and/or practices and false and misleading advertising complained of herein; 2) enjoining Defendant from continuing to falsely advertise the Washers; and 3) requiring Defendant to repair or replace the Washers or provide full restitution to Plaintiffs and Class members of their full retail purchase price, plus interest and attorneys' fees.

## THIRD CAUSE OF ACTION

(Violations of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*)

97. Plaintiffs repeat and re-allege all prior paragraphs and incorporate them as if fully set forth herein. 97.

Plaintiffs seek to enjoin Defendant's violation of the California Consumers Legal Remedies Act ("CLRA"), California Civil Code §§1750 *et seq.*, as well as damages resulting from Defendant's violations of the CLRA.

98. At all times relevant hereto, Plaintiffs and Class members were "consumer[s]" as that term is defined in Civ. Code § 1761(d).

99. At all times relevant hereto, the Washers constituted "goods" as that term is defined in Civ. Code §1761(a).

100. At all times relevant hereto, Defendant constituted a "person" as that term is defined in Civ. Code §1761(c).

101. At all times relevant hereto, Plaintiffs' and Class members' purchases of Defendant's Washers and replacement parts constituted "transactions" as that term is defined in Civ. Code §1761(e).

102. At all times relevant hereto, Defendant provided "services" to Plaintiffs within the meaning of Civil Code §1761(b).

103. The CLRA provides in relevant part that "[t]he following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: (5) Representing that goods . . . have . . . characteristics, uses, benefits . . . which they do not have; ... (7)

Representing that goods ... are of a particular standard, quality or grade . . . if they are of another; ... and (9) Advertising goods ... with intent not to sell them as advertised.

104. Defendant violated Civ. Code § 1770(a) subsection (5), (7), and (9) by representing that Washers were not defective when, in fact, the Washers have defective plastic coverings housing the drain pump that cause flooding and the Washers to malfunction. The information Defendant concealed and/or did not disclose to Plaintiffs and Class members is material in that reasonable consumers expect Washers, for which they paid a premium price, to function properly, and thus would have considered the omitted facts important in deciding whether to purchase, or whether to pay the stated price for the Washers.

105. Plaintiffs and Class members would have behaved differently by not buying the Washers, not paying for repairs, and/or paying less for the Washers, had they been aware that the plastic coverings housing the drain pump were defective.

106. The omissions of material facts, as alleged above, are contrary to representations actually made by Defendant, including but not limited to, the claim that Samsung is "committed to manufacturing high quality products and providing excellent customer service"; that the Washers "provides a quieter wash so you'll hardly know it's on. Special sensors keep your load balanced even at high spin

speeds. Now you can install your washer on the second floor or near bedrooms without being disturbed by noise"; "Our Large Capacity Fits More Wash – So You Can Do Fewer Loads"; and "keeps the drum fresh and clean by removing dirt and detergent residue, using hot water not harsh chemicals."

107. Defendant was obliged to disclose the material facts because: a) Defendant had exclusive knowledge of the material facts not known to Plaintiffs and Class members, since only Defendant had access to the aggregated collected from data from its retailers, complaints from its customers, including, but not limited to, that information recorded and accessible through its warranty and customer service database(s), communications with its service personnel, service personnel it authorized to make repairs to the Washers, and its own tests; and b) Defendant actively concealed and suppressed the material facts from Plaintiffs and Class members by not warning of the defective plastic coverings housing the drain pump at the time of purchase and by performing both warranty and non-warranty repairs that it knew would not cure the malfunctioning Washers, and concealing from the Washer owners that any repairs would not fix the malfunctioning Washers and were in fact futile.

108. Plaintiffs and Class members justifiably acted or relied to their detriment upon the concealment and/or non-disclosure of material facts as evidenced by their purchases of the defective Washers.   Had defendant disclosed the

43

material fact that the Washers had defective plastic coverings housing the drain pump, Plaintiffs and Class members would have behaved differently by not buying the Washers or paying substantially less for them.

109. Defendant's omissions of material facts directly and proximately caused Plaintiffs' and Class member's injuries in that Plaintiffs and Class members would not have paid the extra premium for the Washers or would not have bought the Washers at all had Defendant disclosed that the Washers would cease to operate as a result of defective plastic coverings housing the drain pump. As such, Plaintiffs did not receive the benefit of the bargain.

110. Civil Code §1780 (a)(2) permits any court of competent jurisdiction to enjoin practices that violate Civil Code § 1770.

111. Civil code §1780(a) subsections (1) and (2) permit a court of competent jurisdiction to award damages and restitution.

112. Pursuant to Civil Code §1782(a), Plaintiffs sent Defendant notices of the particular alleged violations of Civil Code §1770 contemporaneous with the filing of this Complaint and demanded that defendant rectify the actions set forth above by replacing all plastic pump housings with metal replacement parts, or refunding the purchase price and giving notice to the affected consumers that they intended to do so. This notice was sent to defendant's principal place of

business by Certified Mail, Return Receipt Requested. Should Defendant fail to adequately respond to Plaintiff Kennedy's notice nor comply with the elements of Civil Code §1782(c)(1)-(4) as to Plaintiff Kennedy's notices, after 30 days plaintiffs will amend the complaint to seek actual and punitive damages on behalf of the themselves and the class.

As a result of Defendant's violations of the CLRA, Plaintiffs are entitled to an Order (1) enjoining the wrongful practices described above; (2) requiring repairs or replacement of the Washers; (3) costs; (4) attorney's fees, and (5) such other relief as the Court deems just permitted by Civil Code § 1780 (a) and (e).

### FOURTH CAUSE OF ACTION

Asserted On Behalf of the California Class
(Breach of Express Warranty under the Song-Beverly Act,
Cal. Civ. Code 1790 *et seq.*, and Cal. Comm. Code §2313)

113. Plaintiffs repeat and re-allege all prior paragraphs and incorporate them as if fully set forth herein.

114. Plaintiffs seek recovery for themselves and the Class for Defendant's breach of express warranty under the laws of the State of California.

115. Under its Written Warranty, Defendant warranted all of the Washers against "malfunctions or defects in materials or workmanship," and also offered an Extended Warranty at a time when it knew that the Washers had defective plastic coverings housing the drain pump.

116. Under its Fact Warranties, Samsung warranted that the Washers "provide a quieter wash so you'll hardly know it's on. Special sensors keep your load balanced even at high spin speeds. Now you can install your washer on the second floor or near bedrooms without being disturbed by noise"; "Our Large Capacity Fits More Wash – So You Can Do Fewer Loads"; and "keeps the drum fresh and clean by removing dirt and detergent residue, using hot water not harsh chemicals." at a time when it was selling Washers with defective plastic coverings housing the drain pump.

117. These affirmations and promises created express warranties that the Washers would provide the performance described above and were sold without defects and would conform to Defendant's affirmations and promises.

118. Defendant is obligated under the terms of its express Warranties to repair and/or replace the defective plastic coverings housing the drain pump in the Washers sold to Plaintiffs, and/or to make the Washers conform to the Written Warranties and Fact Warranties under the Song–Beverly Act, Civil Code § 1793.2(b) and (d), Cal. Comm. Code § 2313.

119. Defendant breached its Written Warranties and Fact Warranties, as set forth above, by selling and supplying the Washers with defective plastic coverings housing the drain pump and by failing to repair the Washers or replace them with non–defective Washers so that they conform to the warranties after a reasonable number of repair attempts.

120. To the extent any notice is deemed required, Defendant has received sufficient and timely notice of the breaches of warranties alleged herein. Defendant has had notice of Plaintiffs' claim as it has attempted to repair Plaintiffs' Washers. Despite this notice and Defendant's knowledge of the defective plastic coverings housing the drain pump in its Washers, Defendant has refused to honor its Written Warranties and Fact Warranties.

121. In addition, Defendant has received thousands of complaints and other notices from its customers throughout the United States, which complaints notified Defendant that the Washers are malfunctioning and have defective plastic coverings housing the drain pump.

122. Plaintiffs have complied with their obligations under the Written Warranty and the law and have given Defendant a reasonable opportunity to cure the breaches of its Warranties and Defendant failed to do so.

123. Pursuant to Cal. Civ. Code § 1793.2, Samsung had 30 days within which to conform Plaintiffs' and Class member's Washers to the express warranties, however, Samsung failed to do so and no conditions beyond its control prevented its compliance.

124. Defendant knew of its Warranty obligations to repair or replace the Washers, because of the defective plastic coverings housing the drain pump in the Washers that it could not conform to its express warranties. However, Defendant has

47

willfully refused to replace the Washers. Therefore, Defendant is liable for damages, as well as civil penalties pursuant to Civil Code § 1794.

125. Samsung's time limits on its Written Warranties are procedurally and substantively unconscionable. The Written Warranties are offered on a take-it-or leave-it basis without any input from consumers in a "boiler-plate" printed form that are oppressive and surprise consumers because Samsung is in a superior bargaining position. The Written Warranties are substantially unconscionable because Samsung knowingly and/or recklessly sold a defective product that was defective at the time of sale, without conspicuously informing consumers about the defects in the Washers which cause them to flood and malfunction. The time limits on the Written Warranties are grossly inadequate to protect Plaintiffs and Class members. The terms of the Written Warranties unreasonably favor Defendant by unreasonably limiting the Warranty to 1 year on a product that is expected to last 14 or more years; a gross disparity in bargaining power existed as between Defendant and Plaintiffs and the Class members; Plaintiffs and Class members had no meaningful choice in determining those time limitations; and Defendant knew or should have known that the Washers were defective at the time of sale and that the plastic coverings housing the drain pump would fail prematurely in the useful lives of the Washers, thereby creating overly harsh and one-sided results by leaving

consumers with non-repairable Washers that Samsung knew existed at the time of sale.

126. Defendant has been unable to implement a repair for the defective plastic coverings housing the drain pump and thus cannot make the washer operate as it represented.

127. Defendant's affirmations and promises became part of the "basis of the bargains" between Plaintiffs and the Class members, on the one hand, and Samsung, on the other hand. Plaintiffs and Class members would not have purchased the Washers had Samsung not warranted the Washers as it did.

128. As a direct and proximate result of Defendant's breach of the Written Warranties and Fact Warranties, Plaintiffs and Class members have sustained damages and other losses in an amount to be determined at trial.

129. Defendant has attempted more repairs than is reasonable under the circumstances given the Washers cannot be fixed and has not and cannot conform the Washers to its express warranties. Pursuant to Cal. Civ. Code § 1793.2, Samsung is required to replace the Washers with conforming Washers, or reimburse Plaintiffs and Class members their purchase price. Plaintiffs are also entitled to recover costs, attorneys' fees, and other relief as the Court deems appropriate.

## FIFTH CAUSE OF ACTION

### Asserted On Behalf of the California Class

(Breach of Implied Warranty of Merchantability under the Song-Beverly Act, Cal. Civ. Code 1790 *et seq.*)

130. Plaintiffs allege and incorporate the above allegations by reference as if fully set forth herein.

131. Under California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1792 *et seq.*, every sale of consumer goods is accompanied by both a "manufacturer's and retailer's" implied warranty that the goods are merchantable within the meaning of Cal. Civ. Code § 1791.1(a). Therefore, consumers need not be in privity with the manufacturer to bring an implied warranty claim.

132. Pursuant to Cal. Civ. Code § 1793, Samsung's attempt to modify the length of the implied warranty of merchantability in its Written Warranty is void.

133. The Washers are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

134. Defendant is a "manufacturer" within the meaning of Cal. Civ. Code §§ 1791(j).

135. Plaintiffs bought the Washers at retail in the State of California.

136. At the time of sale, and currently, Defendant is in the business of manufacturing, marketing, and selling Washers.

137. By operation of law, Defendant impliedly warranted to Plaintiffs and Class members that the Washers, for which Plaintiffs and Class members paid a premium price, were of merchantable quality and fit for the ordinary purposes for which they are used.

138. Defendant knowingly and/or recklessly sold a defective product without conspicuously informing consumers about the defective plastic coverings housing the drain pump.

139. The Washers have an expected useful life of at least 14 years. The plastic coverings housing the drain pump are defective and cause the Washers to malfunction and flood the homeowners' floors. As a result, the Washers are substantially certain to fail within their useful life.

140. Defendant breached the implied warranty at the time of sale by selling the Washers with defective plastic coverings housing the drain pump.

141. Plaintiffs' and Class members' Washers do not pass without objection in the trade as they are sold as a premium product, but fail to wash clothes without malfunctioning.

142. Plaintiffs' and Class members' Washers became unfit for their ordinary purpose of washing clothes.

143. Plaintiffs' and Class members' Washers were not adequately contained, packaged, or labeled because the plastic coverings housing the drain pump were defective and the Washers could not perform properly.

144. Plaintiffs' and Class members' Washers do not conform to the promises or affirmations of fact made in the Operating Instructions that the Washers will make "provides a quieter wash so you'll hardly know it's on. Special sensors keep your load balanced even at high spin speeds. Now you can install your washer on the second floor or near bedrooms without being disturbed by noise"; "Our Large Capacity Fits More Wash – So You Can Do Fewer Loads"; and "keeps the drum

fresh and clean by removing dirt and detergent residue, using hot water not harsh chemicals."

145. Plaintiffs and Class members were the intended third-party beneficiaries of the contracts for sale of the Washers from Samsung to the retailers who ultimately sold the Washers to Plaintiffs and Class members. In the case of Plaintiffs Kennedy and Foster, Plaintiffs are the intended third party beneficiary of contracts for sale of the Washer between Samsung and Lowe's. As for Class members, they are the intended third-party beneficiaries of the contracts for sale of the Washers from Samsung to retailers such as Lowes, Home Depot, Sears, Pacific Sales/Best Buy, and/or smaller independent retailers across the State of California.

146. Defendant knew that the retailers to whom it sold the Washers were not going to own the Washers any longer than it took to sell them to Plaintiffs and Class members. Further, Defendant intended that any warranty, whether express or implied, that applied to the Washers were for the benefit of Plaintiffs and Class members; who are the people that Lowe's and Samsung intended and knew would own and use the Washers for their intended purposes.

147. Defendant's conduct of responding to warranty claims made by remote purchasers estops it from denying liability under express and implied warranties on the basis of privity. Defendant brought itself into privity with Plaintiffs and class members.

148. Defendant knew and intended that Plaintiffs and Class members were the ultimate beneficiaries of Defendant's implied warranties as they are the owners of the Washers.

149. Plaintiffs and Class members purchased the Washers from authorized dealers who are agents of Samsung.

150. Samsung knew and intended that its authorized dealers of the Washers were not the ultimate consumers of the defective Washers; the warranty agreements were designed for and intended to benefit the ultimate consumers and users of the Washers only.

151. Defendant, who manufactures and markets the Washers, and/or sellers/resellers of the Washers, had knowledge that Plaintiffs and Class members were the end users of the Washers when Defendant entered into any and all sales contracts and subcontracts for the Washers with retailers and resellers and Defendant's intent to benefit Plaintiffs and Class members arises by operation of law pursuant to the implied covenant of good faith and fair dealing contained within any and all sales contracts and subcontracts for the Washers entered into by Defendant.

152. Samsung brought itself into privity with Plaintiffs and Class members who relied on written labels, representations, and advertisements made by Samsung as alleged herein.

153. As a direct and proximate result of Defendant's breach of implied warranty, Plaintiffs and Class members have sustained damages and other losses in an amount to be determined at trial. Plaintiffs and Class members are

entitled to recover damages and attorneys' fees as provided by statute, as well as costs, and other relief the Court deems appropriate.

### SIXTH CAUSE OF ACTION

#### Asserted On Behalf of All State Class

(Violations of the Magnuson-Moss Warranty Act
(15 U.S.C. §§ 2301 *et seq.*) - Breach of Express Written
Warranty and Breach of Implied Warranty of Merchantability)

154. Plaintiffs repeat and re-allege all prior paragraphs and incorporate them as if fully set forth herein.

155. The Washers are "consumer products" as that term is defined under 15 U.S.C. §2301(1).

156. Plaintiffs and Class members are "consumers" as that term is defined by 15 U.S.C. § 2301(3), and utilized the Washers for personal and household use and not for resale or commercial purposes.

157. Samsung is a "warrantor" and "supplier" as those terms are defined by 15 U.S.C. § 2301(4) and (5).

158. Samsung provided Plaintiffs and Class members with "written warranties" as that term is defined by 15 U.S.C. § 2301(6).

159. Samsung provided Plaintiffs and Class members with "implied warranties" as that term is defined by 15 U.S.C. § 2301(7).

160. In its capacity as a warrantor, and by the conduct described herein, any attempt by Samsung to limit the express warranties in a manner that would exclude coverage for the defective plastic coverings housing the drain pump in the Washers is unconscionable and any such effort to disclaim or

otherwise limit liability for its defective Washers is null and void as alleged above.

161. This Court has jurisdiction over this cause of action under 28 U.S.C. 1332.

162. Samsung has failed to comply with its obligations under its Written Warranties, Fact Warranties and implied warranties. By failing to repair or replace the Washers under the Written Warranties and conform the Washers to the Fact Warranties and implied warranties, Samsung breached its warranties.

163. Plaintiffs fulfilled their obligations under the warranties.

164. As a direct and proximate result of Defendant's breach of express and implied warranties, Plaintiffs and Class members have suffered injury in that their Samsung are worth less than what they paid for them and Plaintiffs and Class members are entitled to damages, equitable relief, attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray for judgment against Defendant for the following:

1. An order certifying Plaintiffs' claims as a class action, appointing Colleen Kennedy and David Foster as representative Plaintiffs and appointing their counsel, Nagel Rice, LLP, to be counsel for the Class;

2. A constructive trust on and restitution of all amounts obtained by Defendant as a result of its violation of the statutory claims plead above, and the Defendant's

misconduct, together with interest thereon from the date of payment, to the victims of such violations;

3.   All recoverable compensatory, punitive, and other damages sustained by Plaintiffs and Class members;

4.   Actual and/or statutory damages for injuries suffered by Plaintiffs and Class members in the maximum amount permitted by applicable law;

5.   An injunction (1) enjoining Defendant's wrongful, unlawful, fraudulent, deceptive, and unfair conduct as set forth above; (2) directing Defendant to engage in a corrective notice campaign; and (3) directing Defendant to repair or replace the Washers or refund to Plaintiffs and Class members the funds paid to Defendant for the defective Washers;

6.   Statutory pre-judgment and post-judgment interest on any amounts;

7.   Payment of reasonable attorneys' fees and costs as may be allowable under applicable law; and

8.   Such other relief as the Court may deem just and proper

## XI.   DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all causes of action so triable.

By: /s/ Bruce H. Nagel
    BRUCE H. NAGEL
    Randee M. Matloff
    NAGEL RICE, LLP
    103 Eisenhower Parkway
    Roseland, New Jersey 07068
    973-618-0400
    bnagel@nagelrice.com
    rmatloff@nagelrice.com

MICHAEL S. KASANOFF
157 Broad Street, Suite 321
P.O. Box 8175
Red Bank, New Jersey 07701
732-747-5348
mkasanoff@att.net

Dated:  August 7, 2014